*Wayne Circuit.*

## PATRICK TREGENT

### vs.

## ABRAM MAYBEE ET AL.*

*Amending Narr—New Cause of Action.*

A declaration cannot be amended by adding a new count, when the pro-
posed amendment embraces a cause of action entirely distinct from
that contained in the original declaration.

This case was in Supreme Court, (Maybee vs. Tregent,
47 Mich., 495.)

The case coming on for trial again in the Circuit, the
special count was abandoned, and two new counts were
submitted as an amended declaration.

The only question that defendant raised on the motion
to amend was that the new counts introduced new
causes of action.

The original bill of particulars is as follows:

"One hundred and eighty dollars cash obtained by
the plaintiff at Detroit Oct. 18th, 1878, through John
Baker by the said defendant upon the false and fraudu-

---

*Tregent vs. Maybee has been on the Circuit Court docket for several
years. Several trials have taken place, and several motions have
been heard.

The Supreme Court has also passed upon it. We give it a place here
partly as a case involving an important principle of practice, and
partly as a portion of the legal history of the Wayne Circuit.

lent shipping receipt set forth in the declaration in this cause, and upon the false pretense that said defendants, one of whom, as agent of the R. R. Co. had fraudulently issued said receipt to themselves, had shipped the flour as per said shippers' receipt, also for the interest thereon, and ten dollars on the money so advanced."

The plaintiff contended that the following two counts contained no different causes of action from that stated in the above bill of particulars.

" For that whereas heretofore, to wit, on the 18th day of October, 1878, at the city of Detroit, in said county, the said defendants, who were manufacturers and shippers of flour at Maybee Station, held a shipper's receipt or bill of lading, a copy of which is hereto annexed, as a part of the declaration, and marked ' A,' from the C. S. R'y Co., purporting that said defendants had that day shipped by said railway company to themselves at Detroit aforesaid sixty barrels of flour marked and branded thus :

which document was not genuine, but was fraudulently made by said defendants themselves, and was fictitious, false, and void ; and that said flour had not been shipped by said defendants by or upon the said railway as represented in said document, and the said defendants then and there, with the intent to cheat and defraud whoever should receive the said document for value, and to cheat and defraud the said plaintiff, and pretending to act as in the regular course of busi-

ness, and with the purpose of wrongfully obtaining money thereon of the plaintiff and of defrauding said plaintiff, indorsed said receipt in blank as a genuine document, and fraudulently and wrongfully caused the same to be negotiated and delivered to said plaintiff in consideration of a large sum of money, to wit, one hundred and ninety dollars, which the said plaintiff then and there upon the faith of said instrument, and relying upon the genuineness of the said document and of the representations and undertakings therein contained, and especially of the statement that said flour had been shipped as before stated, paid at the request of the said defendants and to their use and benefit; and by reason of the premises the defendants became and were then and there liable to repay to the said plaintiff the sum of money so fraudulently obtained from him, and being so liable they then and there in consideration of the premises promised so to do.

And for that whereas also, heretofore, to wit, on the day and year aforesaid, at the city and county aforesaid, the defendants had a certain other shipping receipt or bill of lading of the same tenor as the one before mentioned, for sixty barrels of flour marked thus :

Which they had that day shipped by the said railway, consigned to themselves at Detroit, and they then and there indorsed the said document in blank, and caused and procured the same to be negotiated and transferred so endorsed to the plaintiff for value, and thereby and

in consideratien thereof, and of the flour therein described, said defendants obtained and received of and from the plaintiff a large sum of money, to wit, the sum of $190, being the value of said flour; but the said defendants afterwards, to wit, on the day and year aforesaid, seized and took possession of said 60 bbls. of flour and converted the same to their own use, so that the consideration for the money so obtained and received by them of the plaintiff as aforesaid wholly failed, by reason of which premises said defendants became and were then and there liable to repay the said plaintiff the said sum of money, and being so liable, they then and there in consideration of the premises promised so to do."

JENNISON AND SPEED, J. J.: Decided that the second count clearly stated a new cause of action if it stated any, and that they would admit the first count, although they had grave doubts about admitting even that count.

*S. E. Engle* for Plaintiff.

*James H. McDonald* for Defendant.